IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAVONN WHITENER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-2518-D |
| | § | |
| ASI LLOYDS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an insurance claim for residential water damage, plaintiffs sue their insurer, ASI Lloyds, and Terri Phillips ("Phillips"), an individual adjuster. Phillips moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiffs move to remand this case to state court based on Phillips' Texas citizenship. Defendants maintain that Phillips' citizenship must be disregarded because she has been improperly joined. Plaintiffs contend that Phillips can be held liable under Chapter 541 of the Texas Insurance Code and that defendants have failed to establish improper joinder. The court grants Phillips' motion to dismiss and denies plaintiffs' motion to remand.[1]

Plaintiffs' motion to remand turns on whether defendants have met their heavy burden of establishing "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Defendants do not dispute that it is possible to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an individual adjuster. They contend instead that plaintiffs have failed under the applicable pleading standard to state a cause of action against Phillips.

To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted). When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs' original petition consists of conclusory allegations against Phillips that do not satisfy the federal standard for pleading a plausible claim. They are allegations that are not materially different from those that this court has deemed insufficient in similar adjuster cases. *See, e.g., One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.). The court therefore denies plaintiffs' motion to remand.

Because plaintiffs have failed to plead a plausible claim against Phillips, the court by Rule 54(b) final judgment filed today dismisses their action against her without prejudice[2] for failure to state a claim on which relief can be granted.

**SO ORDERED**.

January 23, 2018.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] The dismissal must be without prejudice. *Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017).